MARCUS, Judge.
This is an expropriation suit in which the Parish of East Baton Rouge seeks to obtain from Joseph N. Barbay, Jr., a strip seventy feet wide, comprising a total area of 0.432' acres, across the rear of his property for the purpose of constructing a drainage canal to alleviate the drainage problem in the area. There is no serious question about the public necessity for this expropriation; the defendant’s primary contention is that the price offered him is inadequate.
The tract owned by the defendant, Lot 229 of the Kildare Subdivision, is somewhat irregular in shape, but is generally rectangular, with a frontage on Lanier Drive of 185.7 feet, by a width in the rear of 275 feet, and by depths of 574 feet on one side and 328 feet on the other side. The lot is in a low area and, at the time the defendant purchased it in 1948, was crossed by a natural drain which filled with water when it rained. To improve this situation, the Parish in about 1956 dug out this natural drain to allow the water to flow away. Thus, at the time of this suit, the lot is crossed near its center by a small, meandering ditch.
At the trial of the case, the Parish called three witnesses. The first, L. J. Muse, a *768 hydraulic engineer, testified to the necessity for the new drainage canal.
The second witness for the Parish was Robert D. Law, Jr., a ciyil engineer employed by the Parish, who testified to the necessity for the new canal, and explained that a seventy foot width of land was necessary in order to leave room along the sides of the canal for the Parish to conduct its maintenance operations.
The Parish then called Karl J. Snyder, who was recognized as an expert in the field of real estate appraisals. Mr. Snyder explained that he had employed a market comparison approach to value, but that he had found no sales which were exactly comparable. He testified that, because he had found no sales of the same size, shape, and topography, he had made up a composite of five neighborhood sales. Because of the varying depths and shapes of his compa-rables, he had determined that the most useful measure of value would be dollars per front foot. He arrived at a value for the defendant’s lot of $46 per front foot for 230.3 “effective front feet.” He arrived at the “effective front footage” by adding the actual front footage to the rear width and dividing the sum by two. This gave an overall value of $10,540 for the 2.7 acre tract, or a value of $3,900 per acre. Using this value per acre, he gave as his expert opinion a value of $1,685 for the 0.432 acre parcel being expropriated.
Counsel for the defendant cross-examined Mr. Snyder at length, attacking the conclusion that the value of the lot was only $3,900 per acre. Throughout this cross-examination, however, Mr. Snyder repeatedly reaffirmed his conclusion as an expert, that the fair market value of the parcel being expropriated was $1,685.'
The witnesses for the defense were the defendant, his wife, and, under cross-examination, Ray W. Burgess, the director of Public Works for the Parish of East Baton Rouge. Counsel for the defendant then attempted to call his own expert in the field of real estate appraisals, but his expert was unprepared to testify. At this point, the court laid the case over from Friday until Monday in order to give the defendant time to procure an expert witness, but when the trial resumed defendant’s expert was still unable to testify. The defendant requested a continuance in order to procure another expert to make an appraisal, but this request was denied by the trial court. At this point, counsel for the defendant contended that, although he had himself no expert testimony as to the value of the property, the testimony elicited during the cross-examination of plaintiff’s expert, Mr. Snyder, sufficed to rebut the conclusion of Mr. Snyder as to value. In rendering judgment for the plaintiff as prayed for, the trial court held that the sum of $1,685 constituted just compensation for the property.
Since there was no expert testimony to contradict the opinion of plaintiff’s expert witness and since we are satisfied with the opinion of Mr. Snyder as to the value of the property, we conclude that $1,685 represents a just and adequate compensation to the defendant for the property taken and accordingly we find no error in the judgment of the trial court.
In his reconventional demand, the defendant claimed that the digging of the proposed canal would cause damages to his remaining land for which he should recover. It is well established that the expropriating authority is required to pay, in addition to the fair market value of the land taken, a sum to compensate for any damages resulting to the remainder of the owner’s property by virtue of the taking of a part thereof. Art. I, Sec. 2, Constitution; Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1 (1933); United Gas Pipeline Company v. New Orleans Terminal Company, 156 So.2d 297 (La.App. 4th Cir.1963). There is no evidence in the record, however, to indicate that any severance damages will be caused in this instance. The only testimony on *769 the subject was that of Mr. Snyder, who concluded as follows:
“Since the existing canal more or less isolates the back portion and the taking is off of the rear, which is unimproved, underground, and not used at the present, there is no severance, there is no loss of utility, and actually the property with the old existing canal filled would be far more valuable than as it now stands.”
(Tr. p. 62, Rec. p. 89)
Because of the considerable depth of defendant’s property, and in view of the expert testimony to the effect that no severance damages would result, there is nothing to indicate to this court that the trial court erred in denying the existence of such damages.
The defendant’s case seems to rest upon the theory that the existence of the small drainage ditch cannot be considered as a factor in determining the value of defendant’s land, since the existing ditch was constructed by the Parish without compensation to the defendant. Although defendant emphasizes the equitable maxim that no person can take advantage of his own wrong, there is nothing in the record to prove that the Parish diminished the value of defendant’s property when it dug the small ditch to drain away the water which theretofore had flowed onto his lot. Accordingly, we find no merit to defendant’s contention on this point.
Article I, Section 2 of the Constitution of the State of Louisiana permits the taking of private property by the state, or subdivision thereof, only for public purposes and after just and adequate compensation is paid. The courts of this state have approved the rule that the measure of compensation required by the Constitution is the fair market price of the property taken, plus any severance damages. United Gas Pipeline Co. v. New Orleans Terminal Co., supra.
In this case it was the finding of the trial court that the sum of $1,685 would be just compensation for the parcel taken, and for the foregoing reasons this court finds no error in that decision. Accordingly, the judgment of the lower court is affirmed at defendant’s costs.
Affirmed.